DOROTHY L. BRADFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bradford v. Commissioner
Docket No. 5933-80.
United States Tax Court
T.C. Memo 1983-62; 1983 Tax Ct. Memo LEXIS 711; 45 T.C.M. (CCH) 638; T.C.M. (RIA) 83062; February 2, 1983. Dorothy L. Bradford, pro se. Dennis R. Onnen, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1975
$8,183.89
$409.19
1976
13,839.81
691.99
1977
12,119.37
606.00
1978
5,699.70
284.99
At the trial of this case the parties informed the Court that they are in agreement that there are deficiencies in the instant case in the following amounts: Year
Deficiency
1975
$6,321.50
1976
11,389.90
1977
8,034.68
1978
4,102.67
The sole issue for decision is whether *712 petitioner is liable for the 5 percent negligence addition to tax under section 6653(a) for each of the years 1975 through 1978. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Sheldon, Texas, when she filed her petition and amended petition in this case. During 1975 through 1978, petitioner owned and operated a drive-in bar located on State Highway 90 in Sheldon, Texas. Petitioner neither purchased the building in which she operated her bar nor any equipment for her bar until 1973 and therefore. During 1975 through 1978, she lived in a trailer home which was on the same lot as her bar. During all years in issue, petitioner failed to report various items of income and she erroneously claimed certain deductions on her Federal income tax returns. Petitioner's Schedule C's (Form 1040) for all years in issue do not include income which petitioner received *713 from individuals who used the pool tables which were located in her bar. Depreciation on equipment and a building located at 8800 Telephone Road, Houston, Texas, which constituted a business owned and operated by petitioner's son, was erroneously claimed on the Schedule C's of petitioner's Federal income tax returns for all years in issue. In addition, petitioner's returns for 1975 through 1978 show purchase dates of 1968, 1969, and 1972 for several items on the depreciation schedules with respect to her bar business. Petitioner claimed depreciation deductions on these items which represent equipment which was used in petitioner's son's business. Petitioner erroneously claimed personal telephone and utility expenses on the Schedules C's of her income tax returns during the years in issue. Finally, petitioner received rental income in 1975, and income from the sale of land in 1977 which were not reported on her Federal income tax returns for those years. Petitioner's income tax returns for all of the years in issue were prepared by employees of Gene Bagley Co., Houston, Texas. In computing petitioner's gross receipts from her bar business, petitioner furnished her return preparers *714 monthly summaries on sheets of notebook paper showing her daily receipts. Petitioner did not inform her return preparers that she had rental income in 1975 and income from the sale of land in 1977. Petitioner never read her income tax returns for the years 1975 through 1978 prior to filing them. In the notices of deficiency, [3] respondent determined that petitioner had understated her bar business income and overstated the deductions attributable thereto for each of the years in issue. Respondent further determined that only $23 of a claimed $5,220 casualty loss should be allowed on petitioner's 1976 return, and that petitioner had received unreported capital gain income of $4,435 from the sale of land during 1977 which was not reported on her return for that year. Finally, respondent determined that all a part of the underpayment of tax for each of the years 1975 through 1978 was due to negligence or intentional disregard of the rules and regulations. Consequently, respondent determined that petitioner is liable for the section 6653(a) addition to tax for all of such years. *715 Based on the foregoing determinations, respondent determined that petitioner was liable for the deficiencies and additions to tax as initially set forth herein. Due to a subsequent agreement by the parties, respondent has reduced the deficiencies and thus the additions to tax as originally determined. Petitioner has conceded that she is liable for such reduced deficiencies (see supra for the deficiencies upon which the parties agree), but the additions to tax are still in issue. OPINION Section 6653(a) imposes an addition to tax if any part of any underpayment is due to negligence or intentional disregard of the rules and regulations of the Internal Revenue Code. Petitioner has the burden of proving that no part of each of the underpayments was due to negligence. Ma-Tran Corp. v. Commissioner,70 T.C. 158, 173 (1978); Enoch v. Commissioner,57 T.C. 781, 802 (1972); rule 142(a), Tax Court Rules of Practice and Procedure.
This is a classic case for the imposition of the negligence addition to tax. The substance of petitioner's testimony is that she simply signed the returns as prepared by the employees of Gene Bagley Co. because she *716 thought "all the bookkeepers * * * knew what they were doing, and I left it to them what I owed [the Internal Revenue Service] * * *." As in Enoch and Ma-Tran petitioner's sole justification is reliance on the bookkeepers who prepared her returns. No evidence was presented to show the Court that she supplied her bookkeepers with the correct information or that the filing of the incorrect returns was the result of the bookkeepers' errors. On the record before us, we must uphold respondent's determination that petitioner is liable for the negligence addition to tax for the years 1975 through 1978. See Ma-Tran Corp. v. Commissioner,supra at 173. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner's returns were timely filed for all years in issue. Consequently, the section 6653(a) additions, in the event we hold for respondent, will be 5 percent of each of the deficiencies agreed upon by the parties. See secs. 6211, 6653(a) and (c).↩
3. Respondent sent two statutory notices to petitioner. One of such notices was for petitioner's 1975 taxable year, and the other notice was for petitioner's 1976 through 1978 taxable years.↩